## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 24, 2019

Mr. Leonard James Bazelak
City of Dayton
P.O. Box 22
Dayton, OH 45401

Ms. Tonina Lamanna
12300 Chickenbristle Road
Farmersville, OH 45325

          Re:  Case No. 18-4135, *Tonina Lamanna v. Dayton Police Department*
                Originating Case No. : 3:16-cv-00409

Dear Ms. Lamanna and Counsel,

  The Court issued the enclosed Order today in this case.

                                Sincerely yours,

                                s/Jennifer Earl
                                Case Manager
                                Direct Dial No. 513-564-7066

cc:  Mr. Richard W. Nagel

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-4135

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| TONINA LAMANNA, | ) | **FILED** |
|  | ) | Sep 24, 2019 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| DAYTON POLICE DEPARTMENT, | ) | THE SOUTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

O R D E R

Before: MOORE, McKEAGUE, and READLER, Circuit Judges.

Tonina Lamanna, a pro se Ohio resident, appeals a district court judgment dismissing her employment-discrimination complaint filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and Ohio law. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Lamanna is a former female employee of the Dayton Police Department ("DPD"). Represented by counsel, she sued the DPD, claiming that it discriminated against her during her interview for a position as a K-9 officer in 2010, by not promoting her to sergeant in 2015, subjecting her to a hostile work environment, and retaliating against her after she filed complaints with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). In 2010, Lamanna applied for a position as a K-9 officer and was initially granted the position before it was retracted and given to Dan Reynolds by Police Chief Richard Biehl. After Lamanna filed a charge of discrimination with the EEOC, Human Resources Analyst

Maurice Evans met with both officers and decided that Lamanna would be granted the K-9 position and that Reynolds would be granted the next available position. Reynolds then filed his own EEOC charge. On January 24, 2011, following hearings with the OCRC, the parties entered a conciliation agreement awarding Lamanna the K-9 position for a period of five years.

Lamanna claimed that the DPD discriminated against her by failing to promote her to sergeant in light of her five-year commitment to the K-9 unit and her conciliation agreement, even though male officers were promoted despite not having completed commitments to their former assignments. In support of this claim, Lamanna noted that she achieved the highest score on an October 16, 2014, police sergeant civil service exam. She also claimed that she was harassed and retaliated against because: (1) she was denied various training opportunities; (2) her coworkers interfered with her K-9 training; (3) she was forced to submit to a visual body search to determine whether her dog had bitten her during its training; (4) her coworkers made fun of her and joked about her height; and (5) the DPD proposed transferring her to a different training facility that was not normally used by DPD K-9 officers after she complained to Dayton's legal department. In addition, she alleged that her new supervisor, Eric Sheldon: (1) declined her previously approved request for sick leave for April 23, 2014, because that day had been scheduled for a mandatory training session; (2) required her to submit medical certification when she used sick leave for that date and for a sick day on February 25, 2015; and (3) required her to return medication purchased by the city for her dog after the dog was retired from K-9 duty. The DPD moved for summary judgment, and Lamanna responded.

The district court granted summary judgment in favor of the DPD, concluding that Lamanna's allegations were time-barred because she did not file her OCRC charge within 300 days of the allegedly discriminatory acts, with the exception of her claims that: (1) the DPD discriminated against her based on its failure to promote her following the October 2014 civil service exam; and (2) she was subjected to a hostile work environment and retaliated against based on her supervisor's request that she submit medical certification for sick leave requests and was required to return medication purchased for her dog after the dog was retired. The district court concluded that Lamanna failed to establish a prima facie claim based on the DPD's failure to

promote her in 2015 because she was not legally qualified for a sergeant promotion in light of her five-year commitment to the K-9 unit and her conciliation agreement. Alternatively, the district court concluded that, even if she were qualified, she failed to establish that the DPD's reliance on her five-year commitment was a pretext for gender discrimination. Next, the district court concluded that Lamanna failed to establish a hostile work environment claim, partly because the alleged incidents of harassment were insufficiently frequent or severe to have unreasonably interfered with her work performance, the sick-leave policy applied to male and female employees, and she had no right to keep the equipment and veterinary medications purchased by the city for her dog. For these same reasons, the district court concluded that Lamanna failed to establish a retaliation claim. Finally, the district court declined to exercise supplemental jurisdiction over Lamanna's state-law claims.

Now proceeding pro se on appeal, Lamanna reasserts her claims that: (1) the DPD improperly failed to promote her to sergeant in 2015 and treated her less favorably than male employees who received promotions without being required to complete time commitments to their previous assignments; (2) she was subjected to a hostile work environment in that her supervisor (a) denied her sick leave requests, but allowed male officers to use sick leave under similar circumstances and (b) forced her to submit to a visual body search by a gay female officer to determine whether her dog had bitten her during its training; and (3) the DPD retaliated against her. In addition, Lamanna argues for the first time on appeal that she was improperly terminated from her employment in October 2017 and implies that she was discriminated against based on her age because she was over 40 years old at the time her employment was terminated. She maintains that the district court erred by granting summary judgment because genuine issues of material fact existed in her case. She requests oral argument.

Preliminary Matters

Lamanna has waived her right to challenge the district court's determination that several of her claims were barred by her failure to file her discrimination charge within 300 days of the allegedly discriminatory acts because she does not challenge those rulings in her appellate brief. *See O'Hara v. Brigano*, 499 F.3d 492, 498 (6th Cir. 2007). In her Statement of the Case, Lamanna

reasserts allegations that she was asked inappropriate questions during her 2010 interview for the K-9 position and that, although the position was initially granted to her, the position was retracted based on the decision of the chief of police. Even liberally construing these statements as reasserting claims concerning the initial hiring process, the district court properly concluded that she was barred from pursuing those claims because she did not file a complaint with the OCRC within 300 days. *See* 42 U.S.C. § 2000e-5(e)(1); *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). Lamanna's claims concerning her 2010 interview and the initial hiring process did not occur within 300 days of her June 24, 2015, filing with the OCRC and, therefore, were time-barred.

In addition, Lamanna's claims of wrongful termination and age discrimination are not properly before the court because she did not assert those claims in the district court, and we will not address them in the first instance on appeal. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008). The DPD notes that those issues were asserted in a separate, subsequent lawsuit in the Ohio Court of Common Pleas and the Ohio Second District Court of Appeals.

Summary Judgment

We review de novo the district court's grant of summary judgment. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Summary judgment is appropriate when the evidence presented shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (ellipsis in original) (quoting former Fed. R. Civ. P. 56(e)). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

1. Gender Discrimination

To establish a Title VII violation, a plaintiff may rely on direct or circumstantial evidence. *See, e.g., Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 346 (6th Cir. 2012). Where the plaintiff

does not base her claim on direct evidence, her circumstantial evidence is analyzed under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework. *See, e.g.*, *Chattman*, 686 F.3d at 346-47; *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008). Under that framework: (1) the plaintiff must first establish a prima facie case of discrimination; (2) the burden then shifts to the defendant to offer a legitimate, non-discriminatory basis for its actions; and (3) if the defendant does so, the burden returns to the plaintiff to establish that the employer's proffered reason is a pretext. *See, e.g.*, *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009). At the summary-judgment stage, "the issue is whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009).

The district court properly granted summary judgment to the DPD on Lamanna's claim that it discriminated against her by failing to promote her in 2015 and treating male employees more favorably. To establish a prima facie case of gender discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the employment position and performed it satisfactorily; and (4) a similarly situated non-protected employee received preferential treatment or was treated more favorably. *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004).

The district court properly concluded that Lamanna failed to establish a prima facie claim of gender discrimination because she was not legally qualified for a promotion to sergeant in 2015. Lamanna acknowledged that she had executed a conciliation agreement in which she agreed to a five-year commitment to the K-9 unit. Furthermore, on January 12, 2015, Lamanna requested a "waiver of appointment" for the position of sergeant in light of her conciliation agreement. The Civil Service Board granted her waiver request, and the waiver was effective until after January 24, 2016. Thereafter, Lamanna was promoted to sergeant at the first opportunity in February 2016.

The district court also rejected Lamanna's argument that similarly situated male employees were treated more favorably because they were not required to fulfill their time commitments to prior positions before being promoted. Lamanna identified several male employees who were allegedly promoted prior to the expiration of their former time commitments. However, to

establish the fourth element of a gender discrimination claim, Lamanna was required to show that the similarly situated, non-protected employees were "similar in all of the *relevant* aspects."" *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). (quotation omitted). The district court determined that the individuals Lamanna identified were not similarly situated because none of them had executed conciliation agreements or requested waivers of appointments. Lamanna's waiver of appointment was effective until January 2016 and made her eligibility for promotion different from those of the male employees that she claimed were treated more favorably. For instance, the district court concluded that Richard Taylor, who was promoted despite having a prior commitment to a forensics-lab position, was not similarly situated to Lamanna in that he could not have completed his commitment because the lab had closed. Lamanna reasserts this argument on appeal, citing Mr. Taylor and one other male coworker as examples of employees who were excused from their prior commitments before being promoted. For the same reasons outlined above, we agree with the district court that these two coworkers and Lamanna were not similarly situated.

Finally, the district court properly concluded that, even if Lamanna had established a prima facie case of gender discrimination, the DPD had articulated a legitimate, non-discriminatory reason for not promoting her in 2015. The DPD relied on the conciliation agreement that Lamanna executed when it declined to promote her. Lamanna argued that language in the collective bargaining agreement ("CBA") superseded the conciliation agreement and prohibited an individual from applying for a new vacancy for a period of one year only. However, the district court rejected this argument, noting that the DPD had legitimately relied on its understanding of the conciliation agreement and concluded that Lamanna's "after the fact" argument concerning the CBA language did not rebut the DPD's conclusion that the conciliation agreement had to be honored. Lamina offered no other evidence to demonstrate that the DPD's legitimate, non-discrimination rationale was a pretext for gender-based discrimination.

    2.  Hostile Work Environment and Retaliation

The district court properly concluded that Lamanna failed to establish a prima facie case that she had been subjected to a hostile work environment or that she had been retaliated against.

To establish a prima facie case against an employer for creating a hostile work environment, a plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome racial or gender harassment; (3) the harassment was based the employee's protected status, such as gender; (4) the harassment unreasonably interfered with work performance by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable. *See Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009). In determining whether there was a hostile or abusive work environment, courts look to the totality of the circumstances. *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 23 (1993). Specifically, courts consider the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

The district court properly granted summary judgment on Lamanna's hostile work environment claim. On appeal, Lamanna reasserts her allegation that she was subjected to a hostile work environment because she was denied the use of sick leave and/or required to provide medical certification for sick leave requests on days that had previously been scheduled as mandatory training days. She alleged that the same rules were not applied to male officers. Lamanna also alleged that she was ordered to submit to a visual body search by a gay female officer after someone falsely reported that her dog had bitten her and that her coworkers joked about her height. In concluding that Lamanna failed to state a prima facie case, the district court properly concluded that these incidents were insufficient to establish a hostile work environment because the incidents were not severe, they were infrequent, and they did not unreasonably interfere with Lamanna's work performance. The district court noted that Lamanna had acknowledged that medical certification was required when an employee requested sick leave on a mandatory training day. In addition, the district court concluded that, contrary to Lamanna's allegations, male officers─including Theodore Trupp and Dan Reynolds─were required to submit medical certification when they requested sick leave on mandatory training days. With respect to the visual body inspection, the district court noted that Lamanna had acknowledged that a dog potentially biting its handler during training constituted a legitimate concern and that the visual inspection for

a bite occurred in the privacy of a bathroom. Because Lamanna has not challenged the district court's findings concerning other alleged instances of harassment, including the alleged denial of training and being forced to return K-9 supplies, she has waived appellate review of those issues. *See O'Hara*, 499 F.3d at 498.

For these same reasons, the district court properly granted summary judgment on Lamanna's retaliation claim. To state a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) the defendants had knowledge of her protected activity; (3) the defendants thereafter took an adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Upshaw*, 576 F.3d at 588. "In order to establish an adverse employment action, [the plaintiff] 'must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013) (quoting *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 639 (6th Cir. 2009)). As the district court correctly determined, Lamanna's alleged instances of misconduct would not have dissuaded a reasonable employee from making a charge of discrimination. Although Lamanna now argues that she was reprimanded after filing her current complaint, those allegations were not raised below, and we will not address them in the first instance on appeal. *See Vance*, 546 F.3d at 781.

Remaining Appellate Arguments

Lamanna's conclusory assertion that the district court erred when it granted summary judgment by making credibility determinations and ignoring unspecified relevant evidence does not warrant relief. She contends that genuine disputes of material fact existed and that she should have been allowed to proceed to trial so that she could cross examine the defendant's witnesses. However, Lamanna has presented nothing in support of her conclusory assertion that the district court ignored relevant evidence. Nor does she identify the evidence that the court allegedly ignored. In addition, for the reasons expressed above, Lamanna has failed to establish that the district court erred when it granted summary judgment on her claims because she either failed to

establish a prima facie case in support of those claims or she failed to establish that the DPD's articulated reason for not promoting her in 2015 was a pretext for gender discrimination.

Finally, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Lamanna's state-law claims following the dismissal of her federal claims, as its decision to do so was "purely discretionary."  *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).

Accordingly, we **DENY** the request for oral argument and **AFFIRM** the district court's judgment.

                                            ENTERED BY ORDER OF THE COURT

                                            Deborah S. Hunt, Clerk